# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **TALMON HEGWOOD, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 09 C 1105** |
| | ) | |
| v. | ) | **Judge David H. Coar** |
| | ) | |
| **JODY P. WEIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Talmon Hegwood, Jr., filed suit in the Circuit Court of Cook County, Illinois, *pro se*, against Defendants, Superintendent Jody P. Weis, Lieutenant Victor Mitkal, Tina M. Skahill, and the City of Chicago, alleging a violation of his due process and equal protection rights under 42 U.S.C. § 1983. The Defendants removed the action to this Court and have moved to dismiss the action pursuant to Federal Rule fo Civil Procedure 12(b)(6) for failing to state a claim. For the reasons stated in this order, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

A reading of Plaintiff's complaint supports the following summary of the alleged operative conduct of the parties:

On October 25, 2007, Plaintiff was arrested in Chicago, Illinois, for shoplifting at a grocery store. Plaintiff was transported to a Chicago Police district station at which time his personal property, including two platinum chains, were seized. Plaintiff was provided a property receipt that incorrectly indicated only one platinum chain was seized. The receipt further indicated that Plaintiff must claim his property within 30 days.

Plaintiff sent a notarized letter, dated November 21, 2007, to the Chicago Police Department

seeking the return of his property. Plaintiff received a letter from Lt. Mitkal of the Chicago Police Department, dated December 4, 2007, informing him that he must send a notarized letter indicating the name and address of the person to which the Police Department should send his property. The letter further informed Plaintiff that, due to his incarceration, he must have his social worker/counselor fax a copy of the letter to Evidence and Recovered Property Section, Attention P.O. Buckley.

On March 22, 2008, Plaintiff wrote a letter to Lt. Mitkal informing him that he had complied with the instructions provided to him for the retrieval of his property. He further wrote that he had sent him a letter dated November 21, 2007, and responded to his December 4, 2007, letter on December 13, 2007. Plaintiff requested that the property be given to Associate Judge Marcus Salone within eight days.

On April 8, 2008, Plaintiff sent a letter to Superintendent Weis, congratulating him on his recent appointment. Plaintiff included a copy of his March 22, 2008, letter to Lt. Mitkal, and asked Superintendent Weis to "see that he acts according to CPD policy enacted by you." In an April 11, 2008, letter from Lt. Mitkal, Plaintiff was informed that his previous correspondence regarding his property was received in excess of the 30-day limitation period. The letter further stated that the property was destroyed and his chain was sold at a public auction. The letter further stated that while efforts were made to preserve his property, an overriding computer program caused the efforts to fail and the property was disposed of in accordance with state law.

Plaintiff next received a letter from the Chief of Internal Affairs Division, Tina M. Skahill, dated April 14, 2008, that informed Plaintiff that his property was sent to Timothy Nance (Plaintiff's former friend and attorney) per Plaintiff's written request. Plaintiff has not received his property and he believes that law enforcement personnel stole the chains.

**ANALYSIS**

A complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that sufficiently provides the defendant with "fair notice" of the claim and the claim's basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff demonstrates that he is entitled to relief by showing through his allegations that "it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation omitted); *see also Bell Atlantic*, 550 U.S. at 555. The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081. Furthermore, *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

**I. Procedural Due Process Claim**

Defendants argue that Plaintiff's procedural due process claim fails because the alleged theft of his chains was a random and unauthorized act of an a state employee and Illinois law provides him an adequate state remedy.

The loss of property resulting from "random and unauthorized" acts of state employees does

3

not constitute a procedural due process violation as long as a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001). In determining whether conduct is "random and unauthorized," courts consider whether the conduct was predictable. *See, e.g., Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). The loss of property by tortuous conduct in accordance with an official custom of policy is not considered random and authorized because it is the known custom or policy that allows the tortuous conduct to take place. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378-79 (7th Cir. 1988).

In the instant case, Plaintiff alleges, in relevant part, that his property was stolen by law enforcement personnel and that the subsequent inconsistent letters regarding the status of his property was part of the Chicago Police Department's (CPD) custom, policy, and routine procedure of covering-up the illegal conduct of CPD personnel. Reading Plaintiff's allegations in his favor, Plaintiff has sufficiently pled a procedural due process violation based on his allegations that the custom or policy of the CPD of covering-up the illegal conduct of CPD personnel led to the deprivation of his property. *See Wilson*, 839 F.2d at 378-79; *Niemeyer Williams*, No. 07 C 1103, 2008 WL 906051 (C.D. Ill. March 31, 2008) (McDade, J.) (allegation that City's actual policy was to turn over vehicles to the lien holder in violation of a city ordinance allowed to proceed as procedural due process because conduct in accordance with the City's policy is not random and unauthorized).

**II. Substantive Due Process Claim**

It is unclear whether Plaintiff is also attempting to allege a substantive due process claim. Plaintiff did not respond to the Defendants' argument that he has failed to allege a substantive due

4

process claim. The scope of the substantive portion of the due process clause is narrow and should not be invoked if there is a more particular constitutional amendment that applies to plaintiff's allegations. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1017 (7th Cir. 2000). In light of Plaintiff's failure to oppose the Defendants' argument that he failed to allege a substantive due process right and Plaintiff's procedural due process claim that remains pending, to the extent that Plaintiff is alleging a substantive due process claim, that claim is dismissed.

### III. Equal Protection Claim

Defendants argue that Plaintiff has failed to allege an equal protection claim.

To state an equal protection claim, a plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular group. *See Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). Plaintiff alleges that he is an African-American and that the Defendants have treated him and others similarly situated to him differently, because of discriminatory motives, by engaging in the alleged conduct which causes him and others similarly situated the loss of their property after arrest by the CPD. Plaintiff has sufficiently pled an equal protection claim.

### IV. Monell Claim

Defendants argue that Plaintiff has not sufficiently pled a claim against the City of Chicago.

A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with

the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000).

As addressed above, Plaintiff has sufficiently pled a custom or policy by the CPD to cover-up the illegal conduct of CPD personnel which leads to the deprivation of arrestees' property. Thus, Plaintiff's Monell claim may proceed.

## V. State Law Claims

Defendants argue that any state law claims that Plaintiff may be attempting to raise are barred by the applicable one-year statute of limitations. In his brief, Plaintiff does not argue that he is raising any state law claims and his only argument relating to the statute of limitations for his claims pertains to his Section 1983 claims that were timely filed. Consistent with Plaintiff's response and allegations, the Court finds that Plaintiff has not raised any state law claims. Thus, Defendants' argument is moot.

## VI. Official Capacity Claims

Defendants argue that any official capacity claims against the individual Defendants should be dismissed as to those individual Defendants because such claims are redundant.

Official capacity suits are akin to bringing suits against the entity, here, a municipality itself. "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *See Contreras v. City of Chicago*, 920 F. Supp 1370, 1376 n.1 (N. D. Ill. 1996) (dismissing *sua sponte* official capacity claims). In addition, courts have emphasized that civil rights claims against individual defendants in their official capacities are redundant of the claims brought against a governmental entity and, therefore, must be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). Accordingly, Plaintiff's official capacity

claims against the individual Defendants are dismissed.

## VII. Individual Capacity Claims

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Furthermore, a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff provides copies of his correspondences with Lt. Mitkal, Skahill, and Superintendent Weis in support of his allegations of differing responses to his request of his property and of a policy of the CPD to cover-up the actions of others to allow property to be stolen. While Lt. Mitkal and Skahill provided inconsistent responses to Plaintiff's inquiries regarding the status of his property, Superintendent Weis did not directly respond to Plaintiff's letters and the letters to Weis did not inform him of any specific problem with the return of the property until Plaintiff informed him that he was filing suit because his property had not been returned. Thus, as to Superintendent Weis, there are no allegations of Superintendent Weis's personal involvement in the alleged constitutional violations. Further, he is not liable under a theory of *respondeat superior*. Accordingly, Superintendent Weis is dismissed from this action.

## CONCLUSION

Based on the above, Defendants' motion to dismiss is granted in part and denied in part.

Plaintiff's substantive due process claim (if he is in fact bringing such a claim) is dismissed. The official capacity claims against the individual Defendants are dismissed as redundant. Superintendent Weiss is dismissed from this action. Plaintiff's procedural due process and equal protection claims remain pending against Defendants Lt. Mitkal and Skahill and the City of Chicago. Defendants' answers are to be filed within 21 days of this order. The matter is referred to Magistrate Judge Ashman for purposes of all discovery motions, all discovery disputes and settlement.

Dated: August 13, 2009                     /s/David H. Coar
                                                               David H. Coar
                                                               United States District Court Judge